UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL GREGORY WILES,

                Petitioner,

-against-

WARDEN, FCI OTISVILLE,

                Respondent.

1:19-CV-0605 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    By order dated March 1, 2019, the Court construed Petitioner's *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 as a second or successive motion under 28 U.S.C. § 2255, and transferred it to the United States Court of Appeals for the Eleventh Circuit. The Court received Petitioner's notice of appeal on March 14, 2019. (ECF 4.) The next day, the Court received Petitioner's motion to stay the Court's transfer order pending his appeal in United States Court of Appeals for the Second Circuit. (ECF 5.)

    On May 6, 2019, the Second Circuit dismissed Petitioner's appeal for lack of jurisdiction. *Wiles v. Warden, F.C.I. Otisville*, No. 19-645 (2d Cir. May 6, 2019). On June 3, 2019, this Court received Petitioner's motion under Rule 60(b) of the Federal Rules of Civil Procedure in which he challenges this Court's March 1, 2019 transfer order. (ECF 8.)

    The Court denies Petitioner's motion to stay as moot. For the reasons set forth below, the Court also denies Petitioner's Rule 60(b) motion.

## DISCUSSION

    Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously

called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Under a liberal interpretation of the motion, Petitioner has failed to allege any facts showing that any of the grounds listed in the first five clauses of Rule 60(b) apply. Accordingly, to the extent that Petitioner seeks relief under Rule 60(b)(1)-(5), the Court denies that relief.

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original, internal quotation marks omitted). A person seeking Rule 60(b)(6) relief must show both that his motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

Petitioner has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Thus, to the extent that Petitioner seeks relief under Rule 60(b)(6), the Court denies that relief as well.[1]

---

[1] In its dismissal of Petitioner's appeal, the Second Circuit cited *Murphy v. Reid*, 332 F.3d 82 (2d Cir. 2003), when it informed Petitioner that "[a]ll further requests for relief should be filed in the Eleventh Circuit," *Wiles*, No. 19-645 (2d Cir. May 6, 2019). In *Murphy*, the Second Circuit set forth how a petitioner can challenge the transfer of his § 2241 petition to a Court of Appeals as a second or successive § 2255 motion – he can file a motion with the Court of Appeals to transfer the petition back to the district court. 332 F.3d at 84. Petitioner asserts in his motion, however, that "he was not aware that he had to file a motion to 'retransfer' his petition back to this Court with the Eleventh Circuit. No rule says this and no court told him about this requirement." (ECF 8, at 4.)

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket. The Court denies Petitioner's motion to stay the Court's March 1, 2019 transfer order as moot. (ECF 5.) The Court also denies Petitioner's Rule 60(b) motion. (ECF 8.)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated: January 13, 2020
       New York, New York

COLLEEN McMAHON
Chief United States District Judge